## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

EDWARD OLSON, and ERICKA OLSON,

               Plaintiffs,

     vs.

VILLAGE OF MURRAY, a political
subdivision of the State of Nebraska;

               Defendant.

**8:18CV529**

**AMENDED FINAL
PROGRESSION ORDER**

THIS MATTER is before the Court on the parties' Amended Joint Motion to Amend Case Progression Deadlines.  (Filing No. 23.)  The parties' Joint Motion to Amend Case Progression Deadlines (Filing No. 22) is denied as moot.  The Amended Joint Motion to Amend (Filing No. 23) is granted.  Accordingly,

IT IS ORDERED that the provisions of the Court's earlier final progression order remain in effect, and in addition to those provisions, the following shall apply:

1)    The pretrial conference presently scheduled for September 8, 2020 and the trial presently scheduled for September 28, 2020 **are canceled** and will not be rescheduled at this time.  The Status Conference presently scheduled for May 4, 2020 **is canceled**.  A status conference **to discuss the status of case progression, the parties' interest in settlement and pretrial conference and trial settings** will be held with the undersigned magistrate judge on **July 27, 2020** at **10:00 a.m.**  by telephone.  Case conference instructions are found at Filing No. 24.

2)    The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **January 31, 2020**.  Motions to compel discovery under Rules 33, 34, and 36 must be filed by **February 14, 2020**

       **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3)    The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

       For the plaintiff(s):          **February 14, 2020**
       For the defendant(s):        **March 13, 2020**

4)    The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

> For the plaintiff(s):          **February 14, 2020**
> For the defendant(s):        **March 13, 2020**
> Plaintiff(s)' rebuttal:       **March 27, 2020**

**5)**    The deposition deadline is **July 23, 2020**.

    a.    The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

    b.    Depositions will be limited by Rule 30(d)(1).

**6)**    The deadline for filing motions to dismiss and motions for summary judgment is **August 27, 2020**.

7)    The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **August 27, 2020**.

8)    Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9)    The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

10)   All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 20th day of April, 2020.

> BY THE COURT:
>
>
> s/ Susan M. Bazis
> United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.